IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JB, A MINOR BY AND
THROUGH HIS ADULT NEXT FRIEND
AND LEGAL GUARDIAN,
JONATHAN BALDWIN,                                                                    PLAINTIFF

VERSUS                                                               CAUSE NO. 1:24-cv-135-TBM-RPM

KESHAWN BELCHER,
KELLY SERVICES, INC.,
OCEAN SPRINGS SCHOOL DISTRICT, and
JOHN DOES 1-10                                                                       DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES OF KELLY SERVICES, INC.

COMES NOW DEFENDANT, KELLY SERVICES, INC. (hereinafter Kelly Services), by and through undersigned counsel and answers Plaintiff's Complaint stating as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against Kelly Services and should be dismissed pursuant to Rule 12, Federal Rules of Civil Procedure.

### SECOND DEFENSE

Plaintiff has failed to join all necessary and indispensable parties and so the Complaint should be dismissed.

### THIRD DEFENSE

Now answering the allegations of the Complaint, Kelly Services pleads as follows:

### PARTIES

1.      Kelly Services lacks knowledge of the allegations of Paragraphs 1 and 2 a. and 2 c. so denies the same in an abundance of caution.

2. Kelly Services admits the allegations of Paragraph 2 b.

3. Responding to Paragraph 3, Kelly Services lacks knowledge of the identity of any "John Doe defendants" but admits if such exist they should be made defendants in this action and have their liabilities assessed herein.

## FACTS

4. Responding to Paragraph 4, Kelly Services admits Defendant Keshawn Belcher was once a teacher it placed at Ocean Springs Middle School, Ocean Springs, Jackson County, Mississippi. The United States District Court for the Southern District of Mississippi has original jurisdiction over the parties, based upon the allegations of the Complaint.

5. Kelly Services admits Belcher taught at Ocean Springs Middle School in April of 2023. Kelly Services lacks knowledge of the remaining allegations of Paragraph 5 which are therefore denied.

6. Kelly Services lacks knowledge of the allegations set forth in Paragraphs 6 - 12.

7. Responding to Paragraph 13, Kelly Services admits Belcher was terminated from employment in April of 2023, following which he has been subject to arrest.

## CAUSES OF ACTION

8. In response to Paragraph 14, Kelly Services re-alleges and incorporates by reference its responses to the foregoing paragraphs 1-13 and all sub-parts or sub-paragraphs of Plaintiff's Complaint, however numbered, lettered or otherwise described as if fully set forth herein.

9. Kelly Services denies the allegations of Paragraph 15 to the extent such allegations are directed to it.

10. The allegations of Paragraphs 16-19 are not directed to Kelly Services so no response is required. To the extent said allegations are intended to impart liability upon Kelly Services for the alleged actions of Belcher or another, the allegations are denied.

11. Kelly Services denies the allegations of Paragraphs 20-24 to the extent such allegations are directed to it.

## DAMAGES

12. In response to Paragraph 25, Kelly Services re-alleges and incorporates by reference its responses to paragraphs 14-24 of Plaintiff's Complaint, including all sub-parts or sub-paragraphs contained therein as if fully set forth herein.

13. Kelly Services denies the allegations of Paragraphs 26-28.

14. The allegations of the unnumbered paragraph beginning, "WHEREFORE, PREMISES CONSIDERED, including all sub-paragraphs contained therein, are denied.

NOW having answered Plaintiff's Complaint, Kelly Services prays that upon final hearing the Complaint against it be dismissed with Kelly Services' costs taxed against Plaintiff.

## FOURTH DEFENSE

Plaintiff's Complaint demands damages not available under law and as such, the demand should be stricken or the Complaint be dismissed pursuant to Rule 12 (e), Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiff's Complaint co-mingles causes of action such that the Complaint fails to provide notice of the basis of alleged liability and should thus be dismissed pursuant to Rule 12 (b)(6), F.R.Civ.P.

**SIXTH DEFENSE**

Kelly Services is not vicariously liable or liable under the doctrine of *respondeat superior* for the intentional torts or crimes of co-defendant Keshawn Belcher.

**SEVENTH DEFENSE**

Kelly Services pleads the defenses enumerated in Rule 8 (c), Federal Rules of Civil Procedure, to the extent applicable.

**EIGHTH DEFENSE**

Kelly Services pleads the defenses enumerated in Rule 12 (b), Federal Rules of Civil Procedure, to the extent applicable.

**NINTH DEFENSE**

To the extent plaintiff Jonathan Baldwin was negligent in monitoring his 14 year old son's digital media accounts and relationships with others including but not limited to Keshawn Belcher when his son was not at school, Kelly Services is not liable for damages resulting from such negligence and demands apportionment of fault and allocation of damages.

**TENTH DEFENSE**

To the extent the damages sued upon herein resulted from the negligence of others in either acts or omissions, Kelly Services is not liable therefor and demands apportionment of fault and allocation of damages.

**ELEVENTH DEFENSE**

To the extent the damages sued upon herein resulted from the intentional torts of another, Kelly Services is not liable therefor.

**TWELFTH DEFENSE**

Kelly Services pleads lack of notice of the complained of actions of Keshawn Belcher.

**THIRTEENTH DEFENSE**

Kelly Services pleads Mississippi's statutory cap on damages set forth at § 11-1-60, Miss. Code Ann., or as elsewhere provided under law.

**FOURTEENTH DEFENSE**

Kelly Services affirmatively denies that it has engaged in any conduct through actions or omissions that could be characterized as malicious, willful, wanton, reckless or grossly negligent; therefore, Plaintiffs cannot recover any punitive damages award.

**FIFTEENTH DEFENSE**

Kelly Services affirmatively pleads that the Plaintiffs' Complaint improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to it by the Constitutions of the United States of America and the State of Mississippi.

**SIXTEENTH DEFENSE**

Kelly Services affirmatively pleads that the demands for punitive damages set forth in Plaintiffs' Complaint improperly seek to deprive it of equal protection of the law in contravention of the Constitution of the United States.

**SEVENTEENTH DEFENSE**

Kelly Services avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to it under the Constitution of the State of Mississippi.

**EIGHTEENTH DEFENSE**

Kelly Services avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to it under the Constitution of the United States of America.

**NINTEENTH DEFENSE**

Kelly Services avers that any award of punitive damages to the Plaintiffs in this case would be violative of the Constitutional safeguards provided to it under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standard less, and is not rationally related to legitimate governmental interests.

**TWENTIETH DEFENSE**

Kelly Services avers that any award of punitive damages to the Plaintiff in this case would be violative of the procedural safeguards provided to it under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants must be entitled to the same procedural safeguards accorded to criminal defendants.

**TWENTY-FIRST DEFENSE**

Kelly Services affirmatively pleads that every element of the Plaintiffs' claims for punitive damages must be proven beyond a reasonable doubt because without such proof, said claims would violate its due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

**TWENTY-SECOND DEFENSE**

Kelly Services avers that the Plaintiffs' claims for punitive damages violate Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in

nature, against civil defendants upon the Plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violate the due process clause of the Fourteenth Amendment of the United States Constitution;

E. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

F. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## **TWENTY-THIRD DEFENSE**

Kelly Services avers that Plaintiffs' claims for punitive damages violate the due process clause of Article 3, Section 14 of the Constitution of Mississippi on the following grounds:

A. It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendants upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

C. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E. The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F. It is a violation of the due process clause to establish a process which imposes punitive damages against this defendant which are penal in nature yet compel it to disclose hypothetically potentially incriminating documents and evidence.

### TWENTY-FOURTH DEFENSE

Kelly Services avers that an award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIFTH DEFENSE

Kelly Services avers that the award of punitive damages against it in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the *United States Supreme Court in BMW v. Gore*, 517 U.S. 559, 116 &Ct. 1589, 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman*, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed. 2d

674 (2001) and *State Farm Fire Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct, 1513, 155 L.Ed. 2d 585, 71 U.S.L.W. 4282 (2003), on the following grounds:

  A. It is a violation of its right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

  B. It is a violation of due process to subject it to punitive damages without providing it prior fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

  C. It is a violation of its right to due process to impose punitive damages which are grossly excessive.

### TWENTY-SIXTH DEFENSE

Kelly Services pleads and incorporates by reference as if fully set forth herein any defenses raised by co-defendant Ocean Springs School District to the extent any such defense might apply to Kelly Services.

### TWENTY-SEVENTH DEFENSE

Any matter alleged in the Complaint not expressly admitted is denied, it being the intent of Kelly Services to admit only those matters specifically admitted in responding to the allegations of the Complaint.

### TWENTY-EIGHTH DEFENSE

Kelly Services reserves the right to amend its Answer to plead any additional defenses that may become known in discovery.

### TWENTY-NINTH DEFENSE

Kelly Services bears no liability for torts committed by Keshawn Belcher when Belcher is not at work or attending school/work related activities outside of school hours.

Now having answered the allegations of Plaintiff's Complaint, Kelly Services prays for dismissal upon final hearing with all costs taxed against Plaintiff and in favor of Kelly Services.

Respectfully submitted this 15th day of May, 2024.

                KELLY SERVICES, INC.

                **BY:   DEUTSCH KERRIGAN, L.L.P.**

                */s/ R. Douglas Vaughn*
                R. DOUGLAS VAUGHN (MSB #99404)

R. Douglas Vaughn (#99404)
**DEUTSCH KERRIGAN, L.L.P.**
2510 14th Street, Suite 1001
Gulfport, MS  39501
Telephone: (228) 864-0161
Facsimile: (228) 863-5278
dvaughn@deutschkerrigan.com
***Attorney For Defendant Kelly Services, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to all enrolled counsel of record and that I placed in the United States mail a copy of the foregoing pleading to Defendant Keshawn Belcher at the following address:

Keshawn Belcher
Jackson County Adult Detention Facility
65 Bruce Evans Dr.
Pascagoula, MS 39567

This, the 15th day of May, 2024.

/s/ *R. Douglas Vaughn*
R. DOUGLAS VAUGHN (MSB #99404)

R. Douglas Vaughn (#99404)
**DEUTSCH KERRIGAN, L.L.P.**
2510 14th Street, Suite 1001
Gulfport, MS  39501
Telephone: (228) 864-0161
Facsimile: (228) 863-5278
dvaughn@deutschkerrigan.com
*Attorney for Defendant Kelly Services, Inc.*